United States District Court
Southern District of Texas
**ENTERED**
November 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DONALD COMBS AND ANITA COMBS,** | § § § | |
| *Plaintiffs*, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-02901 |
| | § | |
| **ALLSTATE TEXAS LLOYD'S,** | § § | |
| *Defendant*. | | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Verified Motion to Strike Plaintiffs' Claim for Attorney's Fees (the "Motion"). (ECF No. 6.) After considering the Motion, relevant briefing, and the applicable law, the Court finds and holds that the Motion should be **DENIED**.

### I.  BACKGROUND

Plaintiffs Donald Combs and Anita Combs ("Plaintiffs") filed a claim with their insurer, Defendant Allstate Texas Lloyd's ("Defendant"), for wind and hail related damages to their property. Dissatisfied with the claims decision, Plaintiffs' counsel sent Defendant a pre-suit notice letter (ECF No. 6-3) pursuant to Texas Insurance Code § 542A.003, which requires a claimant to give written notice to an insurer before filing a lawsuit.

On August 9, 2023, after Plaintiffs filed suit against Defendant in state court, Defendant removed the case to this Court and timely pleaded in its Answer to Plaintiffs' Original Petition that "it was entitled to, but did not receive, pre-suit notice from Plaintiffs 'stating the specific amount alleged to be owed' by Defendant under § 542A.003(b)(2) at least 61 days before Plaintiffs filed this lawsuit." (ECF No. 4 at 11.) Defendant then filed the pending Motion requesting that the Court "preclude Plaintiffs' recovery of any attorney's fees incurred after August 9, 2023, i.e. the date on

1

which Allstate filed its Answer first raising its objection to the sufficiency of Plaintiffs' pre-suit notice letter." (ECF No. 6 at 1.)

## II. APPLICALBE LAW

Chapter 542A of the Texas Insurance Code applies to any first-party claim that "is made by an insured under an insurance policy providing coverage for real property or improvements to real property" and "arises from damage to or loss of covered property caused, wholly or partly, by forces of nature," including wind and hail. Tex. Ins. Code § 542A.001(2). Section 542A.003(a) provides that "not later than the 61st day before the date a claimant files an action . . . in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action." Tex. Ins. Code § 542A.003(a). The pre-suit notice letter must include:

> (1) a statement of the acts or omissions giving rise to the claim; (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

Tex. Ins. Code § 542A.003(b). "If a claimant brings a suit to which Chapter 542A applies, and fails to provide the proper presuit notice, the opposing party has two options." *Brohlin v. Meridian Sec. Ins. Co.*, No. 2:22-CV-158-Z-BR, 2023 WL 7311194, at *2 (N.D. Tex. Nov. 6, 2023). The opposing party can either file a plea in abatement, *see* Tex. Ins. Code § 542A.005(b), or can file a timely pleading asking the court to deny the plaintiff attorney's fees accrued after the date on which the pleading is filed, *see id.* at § 542A.007(d).

## III. DISUCSSION

In its Motion, Defendant alleges two violations of § 542A.003(b): (1) "Plaintiff Anita Combs failed to provide a notice letter at all," and (2) "Plaintiff Donald Comb's notice letter does

2

not state the precise sum to be alleged and contains . . . extraneous language to avoid committing to any specific amount." (ECF No. 6 at 6.)

Regarding the first alleged violation, the Court finds it entirely without merit. While the notice letter listed only Donald Combs under "insured," it also contained Plaintiffs' policy number and claim number (ECF No. 6-3 at 2)—both of which Defendant admitted are tied to Donald *and* Anita Combs. (*See* ECF No. 4 at 5) ("Defendant admits that Allstate Texas Lloyd's issued Policy No. 944565643 to Donald Combs, Jr. and Anita Combs pertaining to 99 S. Seasons Trace, The Woodlands, Texas 77382-5902."); (*see also id.* at 3) ("Defendant admits it assigned Claim No. 0691720288 to Plaintiffs' claim.").

Regarding the second alleged violation, the Court again finds it lacks merit. Plaintiffs' notice letter provides that the "specific amount alleged to be owed" by Defendant is "$31,500.00 in actual damages (less any amounts you paid, if any, and any applicable deductible)" and "$6,800.00 for attorneys fees to date," for a total of "$38,300.00 (less any amounts paid and any applicable deductible), plus interest." (ECF No. 6-3 at 4.) Defendant takes issue with the fact that the notice letter also states:

> It is likely that the damages ultimately sought at trial will be well in excess of the damages that have been identified to date because our investigation is not complete, and because it is your company's standard practice not to provide the insured a complete copy of the current policy, we do not yet know the full extent of damages.

(ECF No. 6-3 at 5.) Defendant argues that this language is "boilerplate and demonstrates that the letter's purported 'specific amount alleged to be owed' is not actually the amount Plaintiffs contend is owed in this suit." (ECF No. 6 at 3.) Plaintiffs respond that:

> The statute does not require a specific number. *See* TEX. INS. CODE § 542A.003(b)(2). It requires a specific amount. *See id.* The amount stated in Plaintiff's letter includes a fixed number but also takes into account uncertain sums. This is actually more specific than a fixed number. It is not uncommon for insurers to issue multiple, piecemeal payments on a claim both before and after the notice letter is sent.

3

(ECF No. 9 at 5.) The Court agrees with Plaintiffs. The statutory language does not mandate that the notice letter contain a fixed and final total dollar sum allegedly owed by the insurer. The requirement is a "specific amount alleged to be owed," which Plaintiffs provided based on the information available to them at the time of writing the notice letter. The Court disagrees with the two cases to which Defendant cites in which courts have found that pre-suit notice language like that used by Plaintiffs here is deficient because it "equivocates on the amount owed." *In re Westchester Surplus Lines Ins. Co.*, No. 07-22-00329-CV, 2023 WL 4488269, at *4 (Tex. App. July 10, 2023); *see also* Memorandum and Order (ECF No. 10) in *Navarro v State Farm Lloyds*, No. 7:23-cv-00236, (S.D. Tex. Sept. 13, 2023).

This case is also readily distinguishable from *Gilbane Bldg. Co., Inc. v. Swiss Re Corp. Solutions Elite Ins. Co.*, No. H-22-2369, 2023 WL 2021014 (S.D. Tex. Feb. 15, 2023), which Defendant relies on for support. In *Gilbane*, the district court granted the defendants' motion to preclude attorney's fees after finding that the plaintiff's back-and-forth communications with defendants did not satisfy the requirement for pre-suit notice stating the specific amount alleged to be owed by the insurer. No. H-22-2369, 2023 WL 2021014, at *2. Unlike this case, however, in which Plaintiffs sent a pre-suit notice letter with a clear section on the "specific amount alleged to be owed," the pre-suit communications in *Gilbane* were letters "debating which deductible should apply" and a "spreadsheet adding up the damages and associated costs claimed by" the plaintiff that was submitted as part of the claim adjustment process *before* the defendants had even made a coverage decision. *Id.*

Defendant also objects to the part of Plaintiffs' notice letter that states, "we cannot and will not resolve this dispute for the amount of damages and fees listed above." (ECF No. 6-3 at 6.) There is no requirement in § 542A.003 that claimants include in their pre-suit notice letter the

specific amount for which they would resolve the dispute. It is true that the intent of the pre-suit notice requirement is "to 'discourage litigation and encourage settlements of consumer complaints' by assuring defendant-insurers have time to assess the situation and make a settlement offer." *Jordan Indus., LLC v. Travelers Indem. Co. of Am.*, No. 7:21-CV-00114-O, 2022 WL 2719630, at *2 (N.D. Tex. Apr. 12, 2022) (quoting *Carrizales v. State Farm Lloyds, Inc.*, 3:18-cv-0086-L, 2018 WL 1697584, at *4 (N.D. Tex. Apr. 6, 2018)). However, the parts of the letter that Defendant leaves out clearly establish that Plaintiffs were open to and interested in settlement negotiations. (ECF No. 6-3 at 6) ("If you are interested in settling this claim before we file suit feel free to call our office and we will be happy to engage in settlement negotiations."); (*id.*) ("Mr. Combs does not wish to litigate this matter, and would simply like to receive compensation from the damages and move on."); (*id.*) ("[W]e welcome your efforts to resolve this case now, instead of years down the road.").

As Plaintiffs list in their briefing, several state and federal courts—including in the Southern District of Texas—have considered and denied similar motions filed by this Defendant to strike attorney's fees for failure to provide proper pre-suit notice under Texas Insurance Code § 524A.003. (*See* ECF No. 9 at 6; ECF No. 12) (listing holdings denying Defendant's motion to strike attorney's fees in other cases). This Court agrees with those holdings and finds that Plaintiffs' pre-suit notice letter was sufficient to meet the statutory requirements, and therefore Defendant's Motion must be denied.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion. (ECF No. 6.)

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 27th of November, 2023.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE